RICHARD L. HOLMES, Retired Appellate Judge.
Rufus Rigsby, a Brother Elk member of the Improved Benevolent and Protective Order of Elks of the World (organization), filed a complaint against the organization, the Shell Bayou Lodge #361 (local lodge), and various individual members. The complaint alleged that the organization, its local lodge, and the various individual members had breached the terms of its membership agreement by wrongfully terminating Rigsby’s membership with the organization and by failing to provide Rigsby with a proper forum prior to his termination. Rigsby was seeking reinstatement of his membership with the organization and money damages for the wrongful termination.
The organization, local lodge, and the various individual members filed a counterclaim. The counterclaim alleged that when Rigsby joined the organization, he agreed to be contractually bound by the constitution, bylaws, rules, and regulations of the organization and that he had breached that agreement. The counterclaim also alleged that the organization, its local lodge, and the various individual members had been damaged by Rigsby’s actions, and they demanded judgment against Rigsby.
A jury trial was held. The trial court granted the motion for a directed verdict as to all defendants except the organization. The case action summary sheet also contains the following entry:
“SEPTEMBER 21, 1994 — This day in open court, a lawful jury, having heard the evidence and the charge of the court, did return the following verdict: ‘We, the jury, find that the [organization] acted substantially in accordance with the constitution and by-laws of the organization and thus find in favor of the [organization];’ and the court now desires to enter a final judgment in this case.
“It is, therefore, ordered and adjudged by the court that a final judgment in favor of the [organization] be, and is hereby, entered and costs are taxed in favor of the [organization] and against [Rigsby] for the recovery of which let execution issue in accordance with Rule 62(a) of Alabama Rules of Civil Procedure.”
Rule 54(b), Ala.R.Civ.P., contains the following pertinent statement:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
(Emphasis added.)
In addition to outlining the steps which the trial court must follow to create an appeal-able order in a case involving multiple claims, Rule 54(b) also provides that “in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims ... shall not terminate the action as to any of the claims.... ” (Emphasis added.)
In light of the fact that the trial court’s order of September 21, 1994, failed either to dispose of the counterclaim filed by the organization or to make an express determination that there was no just reason for delay, we find that the order appealed from was not a final order under Rule 54(b). Therefore, the appeal must be dismissed. Goza v. Everett, 365 So.2d 658 (Ala.1978).
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. *658 HOLMES while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Ala.Code 1975.
APPEAL DISMISSED.
All the Judges concur.